Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **John Thomas Lacik** | | |
| | Name: First | Middle | Last |
| Debtor 2 (Spouse, if filing) | **Lisa Elaine Lacik** | | |
| | Name: First | Middle | Last |
| Case number: (If known) | **19-81017** | | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

### Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$132** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2 Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

2.3 **Income tax refunds and returns.** *Check one.*

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *Check all that apply.*
- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
- [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- [✓] Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Regions Bank - Heloc | 13309 South Village Square Rd., SE Huntsville, AL 35803 Madison County |
| Regions Mortgage | 13309 South Village Square Rd., SE Huntsville, AL 35803 Madison County |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*
- [✓] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

### 4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$1,200.00**. The balance of the fee owed to Debtor(s)' attorney is **$2,300.00**, payable as follows (*check one*):

- ☐ $ at confirmation and $ per month thereafter until paid in full, or
- ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

### 4.4 Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. *Check one.*

- ☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
- ☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
- ☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
- ☑ Base Plan. This plan proposes to pay $ **7,920.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

### 5.3 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### 5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

### 5.5 Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### 6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

| Debtor | John Thomas Lacik<br>Lisa Elaine Lacik | Case number | **19-81017** | Eff (01/01/2019) |
|---|---|---|---|---|

7.1      Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

8.1      Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X    *[signature]*      Date 04/16/19
     John Thomas Lacik

X    *[signature]*      Date 04/16/19
     Lisa Elaine Lacik

Signature of Attorney for Debtor(s):
X    *[signature]*      Date 04/16/19
     G. John Dezenberg, Jr. ASB-3786-R78G
     908-C North Memorial Pkwy
     Huntsville, AL 35801
     256-533-5097

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

# United States Bankruptcy Court
## Northern District of Alabama

In re: John Thomas Lacik, Lisa Elaine Lacik, Debtor(s)

Case No. 19-81017
Chapter 13

## CERTIFICATE OF SERVICE

I hereby certify that on **April 17, 2019**, a copy of **Debtor's Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

- AMEX
- Capital One
- Capital One
- Chase Card
- Regions Bank
- Regions Bank
- Regions Bank - Heloc
- Regions Mortgage
- SYNCB/Sam's Club

/s/ G. John Dezenberg, Jr.
G. John Dezenberg, Jr. ASB-3786-R78G
Dezenberg & Smith, P.C.
908-C North Memorial Pkwy
Huntsville, AL 35801
256-533-5097 Fax: 256-533-0068
dezlaw@bellsouth.net

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 19-81017-CRJ13    Doc 15    Filed 04/17/19    Entered 04/17/19 15:08:05    Desc Main
Document    Page 5 of 5